UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20454-BLOOM/Otazo-Reyes

BLAINE HARRINGTON, III,

    Plaintiff,

v.

EWCO, LLC, *et al.*,

    Defendants.

_____/

### ORDER ON MOTION TO ALLOW SERVICE ON FLORIDA'S SECRETARY OF STATE

**THIS CAUSE** is before the Court upon Plaintiff Blaine Harrington, III's ("Plaintiff") Motion to Allow Service on Florida's Secretary of State, ECF No. [9] ("Motion"), filed on March 14, 2022. In the Motion, Plaintiff requests that the Court permit substituted service on Defendants EWCO, LLC ("EWCO") and Scott Hartnett ("Hartnett") (collectively, "Defendants") via Florida's Secretary of State pursuant to Fla. Stat. § 48.181. Plaintiff represents that despite his multiple attempts to serve Defendants, Hartnett "is actively avoiding service at his business or home address and going so far as to twice call the police to block service" and "EWCO has failed to comply with its obligations to maintain a registered agent in accordance with Fla. Stat. § 605.0113." *Id.* at 3. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised.

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Florida Statute §§ "48.161 and 48.181 allow service of process to be effectuated

on any resident of Florida, or who conducts business in the states, and who conceals his or her whereabouts, via a substituted service of process." *Walker v. Kirkman Mgmt., LLC*, No. 6:20-CV-1149-ACC-EJK, 2021 WL 3518276, at *2 (M.D. Fla. Mar. 25, 2021) (Under Fla. Stat. § 48.181 "any person who is a resident of Florida, conducts or operates a business in the state, and who conceals his or her whereabouts has effectively appointed the Secretary of State as their agent on whom process may be served." (citing *Kasby v. Upper Deck Bar and Grill, LLC*, No. 6:11-cv-152-Orl-36GJK, 2012 WL 13141504 (M.D. Fla. Sept. 26, 2012))); *see also Nova Cas. Co. v. Just Beach Inn, LLC*, No. 13-60911-CIV, 2013 WL 12086664, at *2 (S.D. Fla. June 27, 2013).

To effectuate service of process via the Secretary of State, Fla. Stat. § 48.161 requires that Plaintiff:

> (1) allege facts in the complaint that bring the defendant within the purview of the substitute service statute (*e.g.*, that the defendant is a nonresident subject to the court's jurisdiction who cannot be located despite due diligence or that the defendant is actively concealing his or her whereabouts); (2) serve the Secretary of State by providing him or her (or their delegate) with a copy of the summons and complaint; (3) pay the requisite fee to the Secretary of State; (4) provide **Notice** of service upon the Secretary of State **to the defendant** by sending him or her a copy of the summons and the complaint **by registered or certified mail;** (5) **file the registered or certified mail return receipt;** and (6) file an affidavit of compliance on or before the return date of the process.

*EHR Aviation, Inc. v. Lawson*, No. 3:09-CV-210-J-32TEM, 2011 WL 46119, at *1 (M.D. Fla. Jan. 6, 2011) (emphasis in original) (citing Fla. Stat. § 48.161; *Hernandez v. State Farm Mutual Automobile Insurance Co.*, 32 So. 3d 695, 699 (Fla. 4th DCA 2010)).

On March 14, 2022, Plaintiff filed a First Amended Complaint. ECF No. [8] ("Amended Complaint"). In the Amended Complaint, Plaintiff alleges the following facts that bring Defendants within the purview Fla. Stat. § 48.161:

> EWCO is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 6187 NW 167th Street, Suite H26, Miami Gardens, FL 33015. EWCO designated itself as its own

Case No. 22-cv-20454-BLOOM/Otazo-Reyes

registered agent (in violation of Fla. Stat. § 605.0113(1)(b)) with the same address: 6187 NW 167th Street, Suite H26, Miami Gardens, FL 33015.

While EWCO has designated a registered agent, the agent has failed or refused to make himself/itself available during normal business hours and is otherwise evading service of process in this proceeding.

Hartnett is an individual who is a citizen of the State of Florida residing at 927 Coral Way, Coral Gables, FL 33134. Hartnett is actively concealing his whereabouts in an attempt to evade service. Hartnett and/or his wife (Larissa Hartnett) have twice called the police to prevent service at Hartnett's residence. When a process server attempted to explain that he was serving legal papers on Hartnett, Larissa Hartnett closed the door to the residence in his face and proceeded to call the police to the location. The same woman was later observed inside the house on a subsequent attempt, and on that occasion she simply turned the lights out and walked away.

Hartnett has availed himself of the privilege to do business in the State of Florida. He is identified on Florida's Division of Corporations website (www.sunbiz.org) as the member, President, and/or manager of multiple active business entities, most of which have the same principal place of business as EWCO. These include: HOCL LLC, IET, Inc., Mercado Direto LLC, and Hartnett Properties LLC.

ECF No. [8] ¶¶ 2-5; *see also* ECF Nos. [6] & [7].

The Court notes that a party is not required to seek leave from the Court before obtaining substituted service. *See Nova Cas. Co. v. Just Beach Inn, LLC*, No. 13-60911-CIV, 2013 WL 12086664, at *2 (S.D. Fla. June 27, 2013). Plaintiff must still comply with the requirements of Fla. Stat. §§ 48.161 and 48.181 in order to perfect service of process, and Defendants are not precluded from challenging service of process at a later time. *Id.* Plaintiff may serve Defendants by any means or methods prescribed under Rule 4 of the Federal Rules of Civil Procedure.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [9]**, is **GRANTED**.

2. The Clerk is **DIRECTED** to issue the proposed summonses addressed to the Florida Secretary of State attached to the Motion. *See* ECF No. [9-1].

Case No. 22-cv-20454-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 16, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record